IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 1:07-CR-33 |
| | § | |
| EDWARD MCDONALD | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT'S MOTION TO WITHDRAW PLEA**

This report addresses defendant Edward McDonald's "Motion to Withdraw Plea."[1] Defendant seeks to withdraw his plea of guilty to Count 2 of the Indictment.

**I.  FACTUAL BACKGROUND**

Defendant was indicted on March 7, 2007 on three counts.  Count 1 charged defendant with violating 18 U.S.C. § 113(a)(3), assault with a dangerous weapon by an inmate.  Counts 2 and 3 charged defendant with violating 18 U.S.C. § 1791(a)(2), possession of a prohibited object, namely a weapon, by an inmate.  On August 16, 2007, defendant signed a plea agreement wherein he agreed, *inter alia*, to plead guilty

---

[1] This case is assigned to Hon. Thad Heartfield.  Defendant's "Motion to Withdraw Plea" (Docket No. 48) was referred to the undersigned for report and recommendation on September 11, 2007.

to Count 2 of the Indictment.  In return, the United States agreed, *inter alia*, to dismiss all remaining charges at sentencing.

On August 20, 2007, Hon. Thad Heartfield accepted his plea of guilty.

## II.  THE MOTION TO WITHDRAW GUILTY PLEA

Defendant seeks to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure.  He believes that since he has already been punished by the Bureau of Prisons for these charges, any prosecution on the same charges is double jeopardy.  For that reason, he would like to withdraw his plea of guilty and proceed to trial.

The United States responds that defendant has not provided a "fair and just reason" to support the withdrawal of his plea because he has not met his burden under a seven-factor "totality of the circumstances" test.  It also argues that the prosecution for this offense, after the Bureau of Prisons has already administered administrative sanctions, does not constitute double jeopardy.

III. Discussion

A.   Principles of Analysis

Defendants do not have an absolute right to withdraw their guilty plea. United States v. Puckett, No. 06-10543, 2007 WL 3076939, at *2 (5th Cir. October 23, 2007) (citing United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003)). In its discretion, the court may allow a defendant to withdraw his plea after the plea is accepted by the court, but before it imposes a sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); Powell, 354 F.3d at 370. The defendant has the burden of establishing the "fair and just" reason. Puckett, 2007 WL 3076939, at *2 (citing Powell, 354 F.3d at 370).

The Fifth Circuit considers the following seven factors in determining whether the defendant has met this standard: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether defendant's plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. Id. at *2 (citing United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997)). The court is to consider the totality of the circumstances

when applying these factors.  Id. (citing United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984)).

### B. Application

Under a totality of the circumstances, defendant fails to provide a fair and just reason for withdrawing his guilty plea.  All factors weigh against the withdrawal, particularly factors 1, 3, 5, and 6.

Defendant has not claimed that he is innocent.  He admitted his guilt freely and voluntarily when he signed the plea agreement and plead guilty before Judge Heartfield.  Defendant waited 18 days after pleading guilty to file his motion to withdraw.  "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered . . . not to allow a defendant to make a tactical decision . . . ."  Carr, 740 F.2d at 345 (holding that a delay of 22 days weighed against withdrawal of plea).  The defendant has not supplied any reason as to why he did not seek to withdraw his guilty plea sooner.  In addition, defendant has not argued that he had inadequate assistance of counsel.  In his signed plea agreement, there is a paragraph stating that he reviewed all aspects of the plea agreement with his lawyer and believes that he was provided satisfactory explanations.  At the plea hearing, he also stated that he received adequate assistance of counsel.  Defendant also does not argue that his plea was not

knowing and voluntary.  The plea agreement contains a paragraph stating that he signed it knowingly and voluntarily and stated the same at the plea hearing.

The only argument defendant raises to support the withdrawal of his plea agreement is that his plea is in violation of the protection against double jeopardy. The Double Jeopardy Clause of the Fifth Amendment states: "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . ."  U.S. Const. amend. V.  It bans the imposition of multiple criminal punishments for the same offense.  Hudson v. United States, 522 U.S. 93, 99 (1997) (citing Helvering v. Mitchell, 303 U.S. 391, 399 (1938)).  The Double Jeopardy Clause "does not prohibit the imposition of all additional sanctions that could, 'in common parlance,' be described as punishment."  Id. at 98-99 (citing United States *ex rel.* Marcus v. Hess, 317 U.S. 537, 549 (1943)).  A sanction imposed by the Bureau of Prisons is not a punishment within the meaning of the Double Jeopardy Clause and, therefore, does not bar future criminal prosecutions for the same crime.  United States v. Daniel, No. 06-60822, 2007 WL 837095, at *2-3 (5th Cir. Mar. 15, 2007) (citations omitted); United States v. Galan, 82 F.3d 639, 640 (5th Cir. 1996).

### IV.  Recommendation

Defendant's motion to withdraw his guilty plea should be denied.

## V. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglas v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED this __14__ day of November, 2007.

*[signature: Earl S. Hines]*

Earl S. Hines
United States Magistrate Judge